Ruffin Chief Justice,
after stating the case as above, pro *372 Ceeded as folllows: The position taken by the defendant. rests on an entire mistake of the law, as we think. It supposes that the mother of a bastard child may deal with the rjght fo an.allowance for the child’s maintenance, as being a claim of her own. But that is not so. The bond is taken for the indemnity of the county, and the orders are made for the benefit of the child, or of such person as the court may direct the money to be paid to, either for the past or prospective maintenance. The order of the court in favour of a particular person, is the sole foundation of the right of that person to the money; and before such an order, no person can give an acquittance, strictly speaking, for the maintenance of the child, or any part ol it. It is true, that ordinarily the mother keeps the child, so as to authorise her to ask that the order may be made in her favour. In anticipation that it will be so made, it is, perhaps, not unfrequent for the father voluntarily to make to the mother some payment; and in cases where that has been done, it may very properly influence the court in saying what farther sum he shall pay her, if it shall happen that the child is supportedby her. But that is the only effect it can have; and that may be repelled by shewing, (as perhaps is also not unfrequent) that some advantage was taken of her, as by getting a receipt for money not actually paid, or by taking from her an acquittance for the whole maintenance, when only an inconsiderable and inadequate sum was paid. It certainly cannot operate as a bar to the power of the court to make whatever order in the premises the maintenance of the child, or a just compensation to the person who may have maintained the child, may seem to the court to require. The sums to be allowed, must necessarily be in the discretion of the court, within the penalty of the bond; because more or less may be requisite, according to the varying prices of apparel and provisions, and the constitution and health of the child. The authority of the court to make the order under consideration, cannot be doubted; and we see nothing to induce the supposition that it was not discreetly exercised on the present occasion, though, if it were not, it could not be drawn into question in this form.
Pjse Curiam. Judgment affirmed.